IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ROBERT E. AND TAMRA GILDER                                                        PLAINTIFFS

V.                                                              CIVIL ACTION NO. 2:08CV191-B-A

THE BANK OF NEW YORK TRUST COMPANY, NA;
NATIONAL TRUSTEE SERVICES, INC.; AND
HOMECOMINGS FINANCIAL, LLC                                                        DEFENDANTS

## **MEMORANDUM OPINION**

This cause comes before the court upon the plaintiffs' amended motion to remand. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

This case arises from a foreclosure on a mortgaged property owned by the plaintiffs, Robert and Tamra Gilder. The plaintiffs assert that they did not receive proper notice of the foreclosure and that defendant Homecomings Financial, LLC, who had been handling the mortgage on behalf of defendant The Bank of New York Trust Company, NA, offered to negotiate on the arrearage with the plaintiffs. The plaintiffs assert that they complied with the defendants' requests for information and followed the defendants' instructions to their detriment. The plaintiffs contend that they would have been able to liquidate assets or pay cash to cover the arrearage but did not pursue these available remedies due to their reliance on the belief that the defendants were attempting to resolve the issue in good faith. Instead, the defendants filed suit in Justice Court in DeSoto County, Mississippi, planning to evict the plaintiffs on June 20, 2008.

The plaintiffs filed this action and moved for a temporary restraining order and preliminary injunction on June 16, 2008, in the Chancery Court of DeSoto County, which heard

those motions. The complaint also requests, inter alia, that judgment be entered confirming the plaintiffs' title to the property and that the plaintiffs be awarded damages equal to the loss in equity, if the sale is not set aside, and for compensatory and punitive damages.

The defendant Homecomings Financial removed the case to this court on August 21, 2008, and the remaining defendants filed their joinder and consent to removal on August 22. Prior to removal and prior to formal service of process, Homecomings answered the complaint on July 11, 2008. Service was accomplished on July 23, 2008, and the defendants submitted discovery requests on July 26.

## Analysis

The plaintiffs now move to remand on the ground that the defendants' removal was untimely. The defendants assert that the thirty-day time period for removal begins on formal service of process; thus, the removal was timely because formal service was accomplished on July 23, and the defendants removed on August 21. The defendant Homecomings also asserts that the law firm of Morris Schneider Prior Johnson & Freedman answered the complaint without Homecomings' consent. Homecomings contends that it retained this law firm to handle the foreclosure matter but not the present action and that it should not be held to have answered the complaint prior to service.

The defendant Homecomings submitted the affidavit of William C. Haughton, a portfolio specialist at the company, who states that the law firm acted without authorization. This court must assume, however, that the law firm did represent the defendant Homecomings and was given authority by someone in the defendant's company to represent the defendant in this matter. It would be a highly unusual situation for a law firm to take it upon itself to answer a complaint,

2

provide affirmative defenses, and propound discovery in an action not knowing whether it would be paid for its services. This court does not accuse the defendant of perpetrating a fraud on the court by submitting a false statement in an affidavit. Perhaps this is simply a matter of miscommunication between the defendant and its counsel. The court rules based on the record before it, however; and the record shows that the defendant Homecomings filed an answer to the complaint, thereby making a general appearance and waiving service of process, on July 14, 2008. *See generally Lee v. Southern University Law Center*, 2008 WL 1995956 (M.D. La.); *Norman v. Walter*, 1992 WL 235892 (E.D. La.); *see also* 6 C.J.S. *Appearances* § 41 (2008) ("A general appearance waives any defects in the process or notice, the steps preliminary to its issuance, or in the service or return thereof."). Homecomings did not remove until August 21, 2008, joined by the remaining defendants the next day, outside the thirty-day period for removal. 28 U.S.C. § 1446(b). A defendant who does not assert the right to removal within thirty days loses that right. *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

## Conclusion

For the foregoing reasons, the court finds that the plaintiffs' motion to remand is well taken and shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 23rd day of March, 2009.

/s/ Neal Biggers

_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**